■ In the Matter of CITY OF GENEVA et al., Respondents, v RICHARD J. BARTLETT, Appellant.—Judgment unanimously reversed, petition dismissed and determination confirmed, without costs, Denman, J., not participating. Memorandum: In anticipation of the State's adoption of a Unified Court System on April 1, 1977, the Legislature enacted section 220 of the Judiciary Law on August 5, 1976. Section 220 (subd 6, par [b]) provided that prior to the State takeover of local court costs any salary increases granted to judicial officers by their local governments were subject to the prior approval of the Administrative Board. Respondent, the Hon. Joseph G. Caito, is the City Court Judge of the City of Geneva, which is a part-time position. On March 2, 1977 the City Council of Geneva authorized an increase in Judge Caito's salary from $10,910 per annum to $14,000 per annum, retroactive to January 1, 1977. On April 1, 1977 Judge Caito was

transferred from the City of Geneva payroll and was paid by the State at an annual rate of $14,000 until June, 1977, when an audit disclosed that the Administrative Board had not approved an increase in his salary as required by section 220 (subd 6, par [b]) of the Judiciary Law. By letter dated June 27, 1977 Judge Caito was informed that his salary would be reduced to the authorized level of $10.910 per year and that the State would gradually recover the amounts improperly paid to him since April 1. On July 6, 1977 the Geneva City Council adopted a resolution which purported to make their March 2 resolution increasing Judge Caito's salary retroactively effective as of August 2, 1976, three days before the enactment of section 220 (subd 6, par [b]). The Geneva City Council resolution of July 6 was ineffective, however, inasmuch as section 220 (subd 6, par [a]) of the Judiciary Law provides, in pertinent part: "Such * * * judges [transferred pursuant to section 220] shall be placed on the payroll of the state of New York and shall be entitled to the salaries, wages, hours and other terms and conditions of employment to which they were entitled pursuant to any law * * * in effect immediately prior to the effective date hereof * * * Such salaries, wages, hours and other terms and conditions of employment shall continue in effect *until altered by state law*" (emphasis added). Consequently the Geneva City Council was not authorized to effect any change in Judge Caito's salary after April 1, 1977. Respondent city contends that it actually increased Judge Caito's salary on August 2, 1976 at a meeting of the city council's salary committee. Assuming that to be the case, such committee was not empowered to increase the salary of Judge Caito as that could be done only by resolution or ordinance passed by a majority vote of the council at a regular meeting (City Charter of City of Geneva, art III, §§ 3.6, 3.9). There is no record of such meeting having taken place on August 2 and thus the action of the salary committee was without authority. (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Hancock, Jr., Denman and Witmer, JJ.